**WRIGHT, FINLAY & ZAK, LLP**
ARNOLD L. GRAFF, ESQ. SBN 269170
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Telephone: (949) 477-5050
Facsimile: (949) 608-9142
agraff@wrightlegal.net
WFZ No.: 252-20252809

Attorney for Objecting Secured Creditor,
OREGON TRAIL CORPORATION

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>RICHARD LEROY MESTAS AND NANCY LEE MESTAS,<br><br>　　　　Debtors. | Case No. 6:25-bk-17221-RB<br>Chapter: 13<br><br>**OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**<br><br><u>**CONFIRMATION HEARING:**</u><br>Date: January 8, 2026<br>Time: 2:00 pm<br>Crtrm: 303<br>Place: United States Bankruptcy Court<br>　　　3420 Twelfth Street<br>　　　Riverside, CA 92501 |

**TO THE HONORABLE MAGDALENA REYES BORDEAUX, UNITED STATES BANKRUPTCY COURT JUDGE, DEBTORS, THE CHAPTER 13 TRUSTEE, THEIR COUNSEL OF RECORD, IF ANY, AND ALL OTHER INTERESTED PARTIES:**

　　Secured Creditor, OREGON TRAIL CORPORATION ("Creditor") is the holder of a secured claim against certain real property in which the debtors, RICHARD LEROY MESTAS' and NANCY LESS MESTAS' ("Debtors"), claim an interest. Creditor hereby objects to confirmation of Debtors' proposed Chapter 13 Plan (the "Plan"), filed herein as ECF # 14 as follows:

I.     STATEMENT OF FACTS

**A.     LOAN DOCUMENTS**

On or about April 14, 2023, Nancy Lee Mestas, Successor Trustee of the Agnes Smith Revocable Living Trust (the "Borrower" or the "Trust") obtained a loan in the original amount of $60,000.00 (the "Note") from Creditor, and secured repayment of the subject loan via a Deed of Trust, Security Agreement with Assignment of Rents (the "Deed of Trust"), recorded against the real property located at **1104 RIBBONWOOD COURT, HEMET, CA 92545** (the "Property") on April 18, 2023, as Instrument No 2023-0110346 in the Riverside County Recorder's Office.  The Note requires monthly interest-only payments of $600.00 each (12.00% interest), commencing on June 1, 2023 and continuing monthly until a final lump sum payment became due on May 1, 2024.  True and correct copies of the Note and Deed of Trust are attached to Creditor's filed proof of claim. [*See* Court's Claims Register ("CCR") #22-1].

The Borrower subsequently defaulted on the terms of the Loan, which fully matured years ago, causing Movant to commence foreclosure proceedings with respect to the Subject Property.

**B.     BANKRUPTCY**

On or about October 7, 2025, Debtors filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court or the Central District of California, Los Angeles Division, as Case No. 6:25-bk-17221-RB (the "Bankruptcy") [*See* ECF#1].

Debtors' Voluntary Petition and Schedules A/B and D eventually filed in the Bankruptcy, reflect that: (1) Debtors use the Property as hi residence; (2) the fair market value of the Property is allegedly $260,000.00 and (3) the Property is encumbered by Creditor's first position deed of trust in the estimated sum of approximately $83,000.00, a Riverside County Tax lien of $4,000, and an HOA lien of approximately $0.00. [*See* ECF # 11].

1  Debtors' Schedules I and J filed in the bankruptcy case reflect a monthly disposable
2  income of $1,887.50, which apparently accounts for the required monthly mortgage payments
3  [*See* ECF # 11 – Schedules I & J]. Specifically, Debtors' Schedule I alleges that Debtor Richard
4  Mestas is employed as a Caregiver with In-Home Supportive Services and earns monthly take-
5  home income of $1,589.50 from said employment. The Schedule I also claims that Debtor
6  Richard Mestas earns an additional $2,123.00 per month in social security income, and that
7  Debtor Nancy Mestas also receives social security income of $1,330.00 per month. [*id*].
8  However, both the gross and take-home pay for Richard Mestas is listed at $1,589.50, so it is
9  unclear what the actual figure is. [*See* ECF # 11 – Schedules I & J].

10  On October 21, 2025, Debtors filed the subject plan at issue, which provides for
11  monthly plan payments of $1,857.00 each to the Chapter 13 Trustee for 60 months (for a total
12  plan payoff of $111,420.00) (the "Plan") [*See* ECF # 14]. The Plan also lists Creditor's claim
13  as a Class 3C claim, in the estimated sum of $82,000.00, which is to be paid in full through the
14  Plan, at 0.00% interest per annum [*id*].

15  On December 3, 2025, at the initially scheduled 341(a) creditor's meeting, Debtors'
16  counsel appeared and alleged that Debtors were each unable to attend because both were
17  suffering significant health challenges. No further information was provided, but it is unknown
18  if these significant health issues that prevented Debtors from attending their creditor's meeting
19  are also disrupting the alleged current employment of Debtor Richard Mestas.

20  On December 15, 2025, Creditor filed a total debt proof of claim reflecting a total
21  payoff of $80,542.74. [*See* CCR #22-1].
22  /././
23  /././
24  /././

## II. ARGUMENT

**A. DEBTORS' CHAPTER 13 PLAN CANNOT BE CONFIRMED AS PROPOSED**

The provisions of 11 United States Code ("U.S.C.") § 1325 set forth the requirements for the Court to confirm a Chapter 13 Plan. The burden is on the debtor to demonstrate that the plan meets the conditions essential for confirmation. *Warren v. Fidelity & Casualty Co. of N.Y. (In re Warren),* 89 B.R. 87, 93 (B.A.P. 9th Cir. 1988). For the reasons detailed herein, Debtors fail to meet this burden.

    *i.   <u>Debtors' Chapter 13 Plan Cannot Be Confirmed Because It fails to provide for interest on Creditor's Claim Sufficient to Provide Present Value on the Claim.</u>*

To the extent that an allowed claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs or charges provided for under the agreement of State statute under which such claim arose." Creditor's claim matured on March 1, 2024, so to properly address this claim, Creditor's fully matured claim would have to be paid in full through the plan, with interest thereon to provide the "present value" on the claim.

The determination of the appropriate interest rate is commonly based on the concept of providing "present value" to the secured claimant. Present value is also deemed to be the equivalent of "market rate" of interest. *In re Collier, 416 B.R. 713, 715* (N.D. Cal 2008). Creditor submits that the interest rate should be consistent with a "market rate" of interest which would be available to similarly situated borrowers in the loan market seeking a similar loan under the same terms and conditions.

/././

/././

In this case, the underlying loan was made to the Borrower Trust as a short-term business purpose loan with contractual interest at 12.00%, and the loan has also been accruing default interest under the terms of the loan documents for years [*See* CCR #22-1].. Creditor submits that the loan, made in 2018, reflects a reasonable "market rate" of interest at 12.00%, based on the nature of the loan (commercial loan) and the fact that interest rates have remained high since the loan was made. The Borrower Trust also materially defaulted on the loan years ago. As such, Creditor reasonably believes that Debtors should be required to pay at least the contractual interest rate of 12.00% through the plan. Even using the *Till* interest rate calculation, Creditor reasonably believes that the appropriate interest rate is still between 11-12%. Thus, the Plan must be denied as proposed.

        ii.       <u>*Debtors' Chapter 13 Plan does not clearly satisfy the feasibility requirement*</u>

Creditor also objects to Debtors' Plan as it fails to satisfy the feasibility requirement of 11 U.S.C. § 1325(a)(6). One of the requirements for confirmation of a Chapter 13 plan, referred to as the "feasibility requirement", is proof that the debtors will be "able to make all the payments under the plan and to comply with the plan." 11 U.S.C. § 1325(a)(6).

Here, a review of the record herein confirms that Debtors have not satisfied his burden under § 1325(a)(6). On December 3, 2025, at the initially scheduled 341(a) creditor's meeting, Debtors' counsel alleged that Debtors were unable to attend because both were suffering significant health challenges. No further information was provided, but it is unknown if said significant health issues, which prevented Debtors from attending the December 3, 2025 creditor's meeting, are also disrupting Debtors' current employment. As such, Debtors have not yet met their burden regarding feasibility, and the Plan cannot be confirmed as currently proposed. [*See* ECF #1 & CCR 22-1].

/././

      iii.    <u>*Debtors' Chapter 13 Plan does not clearly provide for post-petition Attorney's Fees and Costs*</u>

As stated above, the Plan seemingly proposes to pay the total estimated amount owed on Creditor's loan over the life of the Plan (without interest) [*See* ECF #2]. However, the Plan is silent regarding any attorney's fees and costs which will inevitably be incurred by Creditor post-petition because of Debtors' filing of the Bankruptcy.

Under 11 U.S.C. § 506(b), a creditor with an allowed secured claim that is secured by property the value of which is greater than the amount of such claim, then that claim, *"shall be allowed… interest on such claim, and any reasonable fees, costs, or charges provided for under the agreement, or State statute under which such claim arose."*

Here, there is no dispute that Creditor's claim is fully secured by equity, as is confirmed in Debtors' schedules. However, while Debtors are proposing to pay interest on Creditor's claim through the Plan, Creditor is also entitled to recover its reasonable post-petition attorneys' fees under the terms of the loan documents [*See* CCR #22-1]. However, the Plan is silent regarding the payment of any post-petition fees and costs. Because the proposed Plan is a pay-all plan, rather than a cure and maintain plan, it is also unclear if any post-petition fee notices can and should be filed throughout the Bankruptcy, pursuant to FRBP 3002.1.[1] And if such notices are so required, it is unknown how and when these additional fees and costs would be paid, likely causing confusion and complications at the end of the Bankruptcy, which could jeopardize Debtors' desired discharge. As such, Creditor reasonably believes that unless and until Creditor's post-petition fees and costs at the time of confirmation, are included to be paid through the plan, or additional verbiage is included to the confirmation order otherwise

---

[1] Bankruptcy Rule 3002.1(c) provides that that fully secured creditors holding a lien on a debtors' residence may seek reimbursement of their post-petition fees, expenses, and charges if they receive contractual installment payments in a chapter 13 plan. However, it is not clear what is meant by "contractual installment payment." See FRBP 3002.1(c) & and FRBP 3002.1, Generally.

addressing and clarifying these issues and concerns, the Plan violates 11 U.S.C. § 506(b) and should be denied confirmation.

### III. CONCLUSION

Any Chapter 13 Plan proposed by the Debtors must resolve the issues specified above to be reasonable and comply with the applicable provisions of the Bankruptcy Code. As such, Creditor respectfully requests that confirmation of the Plan as proposed by Debtors be denied.

**WRIGHT, FINLAY & ZAK, LLP**

Dated: December 19, 2025

By: */s/ Arnold L. Graff, Esq.*
Arnold L. Graff, Esq.
Attorney for Objecting Secured Creditor,
OREGON TRAIL CORPORATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

4665 MacArthur Court, Suite 200, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*): Objection to Confirmation of Debtors' Chapter 13 Plan with Proof of Service
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 12/19/2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 12/19/2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 12/19/2025 | JACKIE KLABACHA POWELL | /s/ Jackie Klabacha Powell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      F 9013-3.1.PROOF.SERVICE

| In re                                        (SHORT TITLE)           | CHAPTER: 13              |
|---------------------------------------------------------------------|---------------------------|
| RICHARD LEROY MESTAS and NANCY LEE MESTAS                 Debtor(s). | CASE NO.: 6:25-bk-17221-RB |

**ADDITIONAL SERVICE INFORMATION** (if needed):

TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):

Rod Danielson (TR)     notice-efile@rodan13.com
Benjamin Heston     bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
Amitkumar Sharma     amit.sharma@aisinfo.com
United States Trustee (RS)     ustpregion16.rs.ecf@usdoj.gov

SERVED BY UNITED STATES MAIL:

DEBTORS:
Richard Leroy Mestas
Nancy Lee Mestas
1104 Ribbonwood Court
Hemet, CA 92545

DEBTORS' COUNSEL:
Benjamin Heston
NEXUS BANKRUPTCY
3090 Bristol St., #400
Costa Mesa, CA 92626

CHAPTER 13 TRUSTEE:
Rod Danielson
3787 University Avenue
Riverside, CA 92501

U.S. TRUSTEE:
Office of the United States Trustee
3801 University Avenue, #720
Riverside, CA 92501-3200